IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GP INDUSTRIES, INC.,<br>a Nebraska corporation, | ) ) ) | |
| Plaintiff, | ) ) | 8:06CV50 |
| vs. | ) ) | ORDER |
| ERAN INDUSTRIES, INC.,<br>a Nebraska corporation, and<br>JAMES E. BACHMAN, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| ERAN INDUSTRIES, INC.,<br>a Nebraska corporation, | ) ) ) | |
| Plaintiff, | ) ) | 8:06CV51 |
| vs. | ) ) | ORDER |
| GP INDUSTRIES, LLC., a Nebraska<br>Limited Liability Company, et al., | ) ) ) | |
| Defendants. | ) | |

   This matter is before the court on the motion of GP Industries, Inc. (GPI) to consolidate (Filing No. 17 in Case No. 8:06CV50). The motion was not filed in the related case. GPI contends the above-captioned cases should be consolidated pursuant to Federal Rule of Civil Procedure 42 because the two cases are related. The earlier filed suit seeks declaratory judgment in favor of GPI for use of a patent. Eran Industries, Inc. alleges patent infringement. The parties agree the cases are related and should be consolidated. **See** Filing No. 27 in Case No. 8:06CV51, Report of Parties' Planning Conference.

   "Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration. The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual. The consent of the parties is not

required by the rule." 9 Charles A. Wright & Arthur R. Miller, **Federal Practice & Procedure:** Civil 2d § 2383 (1995). Whether to grant a Rule 42(a) motion to consolidate is within the sound discretion of the court. **United States Envtl. Prot. Agency v. Green Forest**, 921 F.2d 1394, 1402-03 (8th Cir. 1990). The court must weigh the savings of time and effort that would result from consolidation against any inconvenience, expense, or delay that it might cause. Wright & Miller, *supra*, § 2383. "[D]istrict courts generally take a favorable view of consolidation . . . ." *Id.* Furthermore, "[a]ctions involving the same parties are apt candidates for consolidation." *Id.* § 2384. However, under Fed. R. Civ. P. 42(b), consolidation is considered inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." **EEOC v. HBE Corp.**, 135 F.3d 543, 551 (8th Cir. 1998).

The court finds that Case No. 8:06CV50 presents common issues of law and fact with Case No. 8:06CV51. Furthermore, consolidation of these matters will promote judicial economy. The same parties and claims are involved in both actions. Thus, the court believes consolidation will not lead to inconvenience, inefficiency, or unfair prejudice. Therefore, pursuant to Fed. R. Civ. P. 42(a), *GP Industries, Inc. v. Eran Industries, Inc. et al.*, 8:06CV50 and *Eran Industries, Inc. v. GP Industries, LLC, et al.*, 8:06CV51 will be consolidated for all purposes. Upon consideration,

**IT IS ORDERED:**

1. GPI's motion to consolidate (Filing No. 17 in Case No. 8:06CV50) is granted.
2. Case No. 8:06CV50 and Case No. 8:06CV51 are hereby consolidated for all purposes.
3. Hereafter, the parties shall use the caption above, however documents shall only be filed in case *GP Industries, Inc. v. Eran Industries, Inc. et al.*, 8:06CV50.

DATED this 30th day of March, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge