IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GP INDUSTRIES, LLC,<br>a Nebraska corporation, | ) ) ) | |
| Plaintiff, | ) ) | 8:06CV50 |
| vs. | ) ) ) | ORDER |
| ERAN INDUSTRIES, INC.,<br>a Nebraska corporation, and<br>JAMES E. BACHMAN, | ) ) ) ) | |
| Defendants. | ) ) | |
| ERAN INDUSTRIES, INC.,<br>a Nebraska corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | 8:06CV51 |
| vs. | ) ) ) | ORDER |
| GP INDUSTRIES, LLC., a Nebraska<br>Limited Liability Company, et al., | ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the following motions: Eran Industries' ("Eran's") motions to dismiss, Filing Nos. 24 and 41; GP Industries, LLC's (hereinafter, "GP's") motion for an expedited hearing on its motion for preliminary injunction, Filing No. 49; and Eran's motion for an extension of time in which to respond to GP's motion for preliminary injunction, Filing No. 54. These are consolidated actions for patent infringement under 35 U.S.C. § 101 *et seq.*, and for related state law claims in connection with production and sale of gutter covers. Jurisdiction is premised on 28 U.S.C. § 1331.

Eran argues that resolution of the preliminary injunction issue will necessarily involve a determination of the validity of its patent. On a showing that Eran needed to conduct

discovery, this court granted an extension of time to May 26, 2006, for Eran to respond to the GP's preliminary injunction motion. Filing No. 38. Eran seeks a further extension of time, contending that it has been unable to obtain discovery from GP. The response date has passed and Eran has now responded to the motion. Accordingly, the motion for a further extension of time will be denied as moot. To the extent that there are remaining discovery disputes, the parties are free to seek resolution of those issues through a properly supported motion to compel. The court also finds that the motions to dismiss have been rendered moot by the filing of an amended complaint, Filing No. 55.

In its motion for preliminary injunction, GP seeks an order enjoining Eran from making "unfounded and overzealous" patent infringement allegations to customers and potential customers of GP in the form of correspondence threatening suit against those customers. *See* Filing No. 28. GP further asserts that Eran has escalated its damaging marketing campaign and seeks an expedited hearing on the preliminary injunction motion. Both parties have submitted documentary evidence in support of their respective positions. Although there does not appear to be a need for an evidentiary hearing, the court finds that oral argument on the motion may aid the court. Accordingly, GP's motion for an expedited hearing will be granted. The deadlines set forth in the progression order, Filing No. 31, including the requirement that the parties report on mediation attempts, remain in force. Accordingly,

IT IS ORDERED that:

1. Eran's motion for an extension of time in which to respond to GP's motion for preliminary injunction (Filing No. 54) is denied as moot.

2. Eran's motions to dismiss (Filing Nos. 24 and 41) are denied as moot.

3.       GP's motion for an expedited hearing on the motion for preliminary injunction (Filing No. 49) is granted.

4.       Oral argument on GP's motion for a preliminary injunction is set for **June 22, 2006, at 9:00 a.m.,** Courtroom No. 3, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska. Each party shall have one hour for oral argument.

DATED this 31st day of May, 2006.

                  BY THE COURT:

                  s/ Joseph F. Bataillon
                  JOSEPH F. BATAILLON
                  United States District Judge