# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **GP INDUSTRIES, LLC, a Nebraska Limited Liability Company,** | ) ) ) | |
| Plaintiff, | ) ) | **8:06CV50** |
| vs. | ) ) | **ORDER** |
| **ERAN INDUSTRIES, INC.,** a Nebraska corporation, and **JAMES E. BACHMAN,** | ) ) ) ) ) | |
| Defendants. | ) ) | |
| **ERAN INDUSTRIES, INC.,** a Nebraska corporation, | ) ) ) | |
| Plaintiff, | ) ) | **8:06CV51** |
| vs. | ) ) | **ORDER** |
| **GP INDUSTRIES, LLC, a Nebraska Limited Liability Company, et al.,** | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on ERAN Industries and James E. Bachman's motion for reconsideration (Filing No. 60) of the court's order (Filing No. 48) granting GP Industries' stipulated motion to amend. The movants filed a brief (Filing No. 61), a reply brief (Filing No. 70) and index of evidence (Filing No. 62) in support of the motion. GP Industries (GPI) filed a brief (Filing No. 65) in opposition to the motion.

## BACKGROUND

On May 15, 2006, GPI filed a document titled Stipulated Motion to File an Amended Complaint. **See** Filing No. 46. Therein GPI represented that by "stipulation of the parties, [GPI] herby [sic] moves the Court to allow [GPI] to file an Amended Complaint." ***Id.*** The motion further states:

> The Amended Complaint seeks declaratory relief as to noninfringement, invalidity, and unenforceability of United States Patent No. 5,557,891, and additional affirmative claims of tortious interference with economic relations, injurious falsehood, false advertising and unfair competition, and false patent marking and misuse.
> The amended caption changes the Plaintiff's entity from GP Industries, Inc., to GP Industries, LLC.

GPI attached a copy of the amended complaint and a proposed order for the motion. Based on GPI's representation that the motion was not opposed, the court granted the motion the next day. **See** Filing No. 48. However, the movants allege GPI obtained a stipulation for one version (changing the plaintiff's name) of the amended complaint, then filed a different version (altering Claim Three) with the court. GPI does not dispute this occurred. Accordingly, the court will grant the movants' motion for reconsideration and construe GPI's May 15, 2006 Stipulated Motion to File an Amended Complaint as an opposed motion. The parties have fully briefed the issues.

## ANALYSIS

GPI's original complaint sought a declaratory judgment for non-infringement of a patent (Claim One), declaratory judgment for invalidity of a patent (Claim Two) and declaratory judgment for unenforceability of a patent (Claim Three), as well as other claims. **See** Filing No. 1. ERAN Industries and James E. Bachman filed a motion to dismiss Claim Three as against both defendants and to dismiss Claims One and Two as to Mr. Bachman. **See** Filing No. 24. At the same time, these defendants filed an answer as to the remaining claims. **See** Filing No. 23. The motion to dismiss Claim Three was based on the defendants' assertion that GPI failed to plead inequitable conduct with particularity as required by Federal Rule of Civil Procedure 9(b). The motion to dismiss was denied when the filing of the amended complaint rendered it moot. **See** Filing No. 63; **see also** Filing No. 47 (GPI's response to motion to dismiss stating "the parties have stipulated to GPI amending its complaint").

GPI's amended complaint amended the name of the party and set forth additional affirmative claims that had previous been raised as counterclaims. **See** Filing No. 46.

However, not mentioned in the motion and withheld from ERAN Industries and Mr. Bachman, GPI also made amendments to Claim Three to provide greater particularity. ERAN Industries and Mr. Bachman do not oppose the amendment to the party name or claims previously made. ERAN Industries and Mr. Bachman do oppose the amendments to Claim Three. ERAN Industries and Mr. Bachman seek an order withholding permission to amend due to GPI's false representations and because the allegations in Claim Three still fail to state a claim for relief.

Under Federal Rule of Civil Procedure 15(a), a court should grant leave to amend freely "when justice so requires." "However, denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." **U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.**, 441 F.3d 552, 557 (8th Cir. 2006) (internal citation omitted). However, a motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses." **Gamma-10 Plastics, Inc. v. Am. President Lines,** 32 F.3d 1244, 1255 (8th Cir. 1994) (quotations and citations omitted). Further, "likelihood of success on the new claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous" "or legally insufficient on its face." **Becker v. Univ. of Neb.**, 191 F.3d 904, 908 (8th Cir. 1999); **Sokolski v. Trans Union Corp.**, 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (citation omitted). "The party opposing such amendment ha[s] the burden of establishing that leave to amend would be . . . futile." **Sokolski**, 178 F.R.D. at 396 (citations omitted). The court is mindful of the liberal policy toward amendments and "the underlying purpose of Rule 15-to facilitate decision on the merits rather than on the pleadings or technicalities." **Sharper Image Corp. v. Target Corp.**, 425 F. Supp. 2d 1056 (N.D. Cal. 2006) (internal citation omitted); **see Monahan v. New York City Dep't of Corr.**, 214 F.3d 275, 283 (2d Cir. 2000). "[I]f the alleged futility is based on factual issues which are in dispute, leave to amend should not be denied." **Santiago v. Steinhart**, 1993 WL 410402 *1, 2 (S.D.N.Y. 1993). There is no absolute right to amend. **Doe v. Cassel**, 403 F.3d 986, 990 (8th Cir. 2005). Whether to grant a motion for leave to amend is within the sound discretion of the district court. **Gamma-10 Plastics**, 32 F.3d at 1255.

Both parties vigorously argue the merits of whether the amended Third Claim states a claim for which relief may be granted. While each party may have valid arguments in a motion to dismiss, the likelihood of success on a claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous. ***Gamma-10 Plastics***, 32 F.3d at 1256. While the movants may or may not prevail on this issue, the issue should be determined on the merits rather than as part of a motion to amend. Accordingly, the movants fail to meet their burden of showing it would be legally futile to allow GPI to amend the Third Claim for relief. Upon consideration,

**IT IS ORDERED:**

1. The motion for reconsideration (Filing No. 60) is granted to the extent the court construes GP Industries' May 15, 2006 Stipulated Motion to File an Amended Complaint as an opposed motion. The motion to amend is granted.

2. The Amended Complaint, having been filed on May 22, 2006, need not be re-filed. ERAN Industries and James E. Bachman shall have to **on or before July 24, 2006** to file an answer or other response to the Amended Complaint.

DATED this 6th day of July, 2006.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge