IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GP INDUSTRIES, INC., a Nebraska corporation, | ) ) ) | |
| Plaintiff, | ) | 8:06CV50 |
| vs. | ) ) | |
| ERAN INDUSTRIES, INC., a Nebraska corporation, and JAMES E. BACHMAN, | ) ) ) ) | |
| Defendants. | ) ) | |
| ——————————————————— | ) ) | |
| ERAN INDUSTRIES, INC., a Nebraska corporation, | ) ) ) | |
| Plaintiff, | ) | 8:06CV51 |
| vs. | ) ) | |
| GP INDUSTRIES, LLC., a Nebraska Limited Liability Company, et al., | ) ) ) | |
| Defendants. | ) | |

## ANSWER OF ERAN INDUSTRIES, INC. AND JAMES E. BACHMAN TO GP INDUSTRIES, LLC'S FIRST AMENDED COMPLAINT

Defendants ERAN Industries and James E. Bachman file this Answer to GP Industries'

Amended Complaint.

## JURISDICTION, VENUE

1.      Defendants admit that this action, in part, purportedly arises under the patent laws of the

United States, but deny that Plaintiff has successfully raised a cause of action thereunder.

Defendants admit that this Court has jurisdiction over this matter, except as otherwise alleged in

the Motion to Dismiss, and that venue is proper in this Court.  Defendants deny that Plaintiff has successfully raised any of the state law claims.

PARTIES

2.      Defendants admit that GP Industries, LLC is a limited liability company organized under the laws of the state of Nebraska.  Defendants admit that GP Industries, LLC is in the business of manufacturing, marketing, and selling rain gutter screening devices, but are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 2 and therefore deny same.

3.      Admitted.

4.      Defendants deny that James E. Bachman is doing business in Nebraska and in this judicial district with respect to the matters alleged in the Amended Complaint except in his capacity as an officer of ERAN Industries.   The remaining averments of paragraph 4 are admitted.

5.      No response is required.

GENERAL ALLEGATIONS

6.      Admitted.

7.      Defendants admit the allegations of paragraph 7, except they deny that the manufacture and sale of a rain gutter screening product by ERAN Industries is undertaken pursuant to an agreement between ERAN Industries and Albracht.  Defendants admit that ERAN Industries is the owner of the '891 Patent and that an agreement exists with Albracht regarding the '891 Patent.

8.      Defendants admit that GP Industries, LLC was formed in June, 2005, but are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 8 and therefore denies same.

9.      ERAN Industries is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9 and therefore deny same.

10.     Defendants admit that ERAN Industries is a named party with certain individual members of GP Industries, LLC in litigation in the District Court of Douglas County, Nebraska and that the claims in that litigation relate to malfeasance committed by those individuals during and after their employment by ERAN Industries.  The remaining averments of paragraph 10 are denied.

11.     Defendants admit that ERAN Industries' counsel in February 2006 sent letters to customers of ERAN Industries informing them of its patent rights and the infringement of those rights by GP Industries, LLC, but deny the remaining averments of paragraph 11.

12.     Defendants admit that the letters ERAN Industries sent to its customers stated that GP Industries is planning to manufacture and sell a gutter cover, but denies the remaining averments contained in paragraph 12.

13.     Defendants admit that ERAN Industries' letter stated its belief that the sample obtained of GP Industries' gutter cover infringes the '891 Patent and possibly other of its patents, but deny the remaining averments of paragraph 13.

14.     Admitted, except Defendants deny that the quoted language was a "vow."

15.     Admitted.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 16 and therefore deny same.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 17 and therefore deny same.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 18 and therefore deny same.

19.     Denied.

## FIRST CLAIM FOR RELIEF

20.     ERAN Industries repeats and incorporates its responses to paragraphs 1-19.

21.     Admitted.

22.     Denied.

23.     Denied.

## SECOND CLAIM FOR RELIEF

24.     ERAN Industries repeats and incorporates its responses to paragraphs 1-23.

25.     ERAN Industries admits that GP Industries has sought the requested relief, but denies that it is entitled to the requested relief.

## THIRD CLAIM FOR RELIEF

26.     ERAN Industries repeats and incorporates its responses to paragraphs 1-25.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     ERAN Industries admits that GP Industries has sought the requested relief, but denies that it is entitled to the requested relief.

## FOURTH CLAIM FOR RELIEF

32.     Defendants repeat and incorporate their responses to paragraphs 1- 27[sic].

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

## FIFTH CLAIM FOR RELIEF

40.     Defendants repeat and incorporate their responses to paragraphs 1-35[sic].

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

## SIXTH CLAIM FOR RELIEF

47.     Defendants repeat and incorporate their responses to paragraphs 1-42[sic].

48.     Denied.

49.     Denied.

## SEVENTH CLAIM FOR RELIEF

50.     Defendants repeat and incorporate their responses to the preceding allegations.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     ERAN Industries admits that GP Industries has sought the requested relief, but denies that it is entitled to the requested relief.

## EIGHTH CLAIM FOR RELIEF

56.     Defendants repeat and incorporate their responses to the preceding allegations.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     ERAN Industries admits that GP Industries has sought the requested relief, but denies that it is entitled to the requested relief.

## NINTH CLAIM FOR RELIEF

62.     Defendants repeat and incorporate their responses to the preceding allegations.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     ERAN Industries admits that GP Industries has sought the requested relief, but denies that it is entitled to the requested relief.

TENTH CLAIM FOR RELIEF

69.     Defendants repeat and incorporate their responses to the preceding allegations.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     ERAN Industries admits that GP Industries has sought the requested relief, but denies that it is entitled to the requested relief.

Defendants deny that Plaintiff is entitled to any relief in connection with the Claims for Relief, including the relief specified in the prayer following the Tenth Claim for Relief.  To the extent any averment contained in GP Industries' Amended Complaint has not been specifically admitted herein, it is hereby denied.  Any averment that may be implied by or inferred from the headings of Plaintiffs Amended Complaint is denied.

AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to set forth a cause of action over which this Court has subject matter jurisdiction and upon which relief may be granted.

2.      Plaintiff's claims are barred under the applicable statute of limitations.

3.      Plaintiff's claims are barred under the equitable doctrines of laches, estoppel, and/or waiver.

4.      Plaintiff is barred from equitable relief, including any preliminary or permanent injunction, under the doctrine of unclean hands.

5.      Defendants reserve the right to raise additional affirmative defenses as they become known through further investigation and discovery.

WHEREFORE, Defendants pray that the Court enter judgment that Plaintiff takes nothing, dismissing Plaintiffs claims with prejudice, assessing costs against Plaintiff, awarding Defendants their reasonable attorney's fees, and awarding Defendants such other and further relief as the Court deems just and appropriate.

Respectfully Submitted,

 /s/ Michael B. Hurd
 Michael B. Hurd
 HOVEY WILLIAMS LLP
 2405 Grand Boulevard, Suite 400
 Kansas City, Missouri 64108-2519
 816-474-9050
 816-474-9057 (facsimile)
 mbh@hoveywilliams.com

 Paul R. Elofson, #16234
 MCGILL, GOTSDINER,
 WORKMAN & LEPP, P.C., L.L.O.
 11404 West Dodge Road, Suite 500
 Omaha, NE  68154-2584
 402-492-9200
 402-492-9222 (facsimile)
 PaulElofson@mgwl.com

 ATTORNEYS FOR ERAN INDUSTRIES
 AND JAMES E. BACHMAN

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 24, 2006, a true and correct copy of the foregoing was filed using the CM/ECF system, which sent notification of such filing to the following CM/ECF participants:

| | |
|---|---|
| Roger L. Shiffermiller | <u>RShiffermiller@fslf.com</u> |
| Todd E. Zenger | <u>tzenger@kmclaw.com</u> |
| Dax D. Anderson | <u>danderson@kmclaw.com</u> |

<u>/s/ Michael B. Hurd</u>

9