# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **GP INDUSTRIES, INC.,** a Nebraska corporation, | ) ) ) | |
| Plaintiff and Counter Defendant, | ) ) ) ) | 8:06CV50 |
| vs. | ) ) ) | ORDER |
| **JAMES E. BACHMAN,** | ) ) | |
| Defendant, | ) ) ) | |
| **ERAN INDUSTRIES, INC.,** a Nebraska corporation, | ) ) ) | |
| Defendant, Counter Claimant and Third-Party Plaintiff, | ) ) ) ) | |
| vs. | ) ) | |
| **LANCE D. BAILEY, et al.,** | ) ) | |
| Third-Party Defendants. | ) | |
| **ERAN INDUSTRIES, INC.,** a Nebraska corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | 8:06CV51 |
| vs. | ) ) ) | ORDER |
| **GP INDUSTRIES, LLC.,** a Nebraska Limited Liability Company, et al., | ) ) ) | |
| Defendants. | ) | |

This matter is before the court on ERAN Industries' Motion for Protective Order Quashing Deposition Notices of Messrs. Bachman and Cota (Filing No. 91); GP Industries, LLC's Motion to Quash or in the Alternative Motion for Protective Order for Lance B. Bailey

and Motion for Fees Costs and Expenses (Filing No. 98); and the third-party defendants' motion to stay discovery (Filing No. 139).

On July 25, 2006, ERAN Industries filed its Motion for Protective Order Quashing Deposition Notices of Messrs. Bachman and Cota (Filing No. 91). In support of the motion, ERAN Industries filed an index of evidence (Filing No. 92). ERAN Industries provided evidence it attempted to resolve this dispute, pursuant to NECivR 7.1(i) through personal consultation with opposing counsel. ERAN Industries sought to quash the deposition notices for James Bachman and Tom Cota who were noticed to appear for deposition on July 26 and 27, 2006, respectively. Mr. Bachman is a named defendant in this matter and Tom Cota is an employee of ERAN Industries. ERAN Industries contends the notices were improper for three reasons. First, ERAN Industries wanted to take the deposition of Lance Bailey, an officer of GP Industries, before the GP Industries took the subject noticed depositions. Second, the depositions were noticed in an attempt to force the rescheduling of the Bailey deposition. Third, GP Industries wanted to delay the Bailey deposition to prevent ERAN Industries from using the deposition to rebut evidence presented during a preliminary injunction hearing on June 22, 2006. However, ERAN Industries failed to provide any legal basis for quashing the deposition notices. Accordingly, the motion for a protective order quashing the deposition notices is denied. As a practical matter GP Industries will be required to reschedule the depositions in accordance with this order, however ERAN Industries may not avoid properly noticed depositions for the reasons stated above.

On August 3, 2006, GP Industries filed a Motion to Quash or in the Alternative Motion for Protective Order for Lance B. Bailey and Motion for Fees Costs and Expenses (Filing No. 98). GP Industries filed a brief (Filing No. 99), a reply brief (Filing No. 124), an index of evidence (Filing No. 100) and a reply index of evidence (Filing No. 125) in support of the motion. ERAN Industries filed a brief (Filing No. 114), a sur-reply brief (Filing No. 127, Attachment 1) and an index of evidence (Filing No. 115) in opposition to the motion.

Mr. Bailey's deposition was noticed for August 14, 2006, which notice the court held in abeyance pending a ruling on the motion to quash. **See** Filing No. 126. Mr. Bailey is a principal of GP Industries and now a third-party defendant. GP Industries seeks to quash

the deposition notice because the deposition was scheduled without determining his availability and before the third-party defendants had been served. It appears all of the named third-party defendants have now been served, but most of them have until September 25, 2006, to answer or otherwise respond to the third-party complaint. GP Industries contends the deposition notice gave an unreasonably short time period to allow newly served third-party defendants to participate in the deposition. Further, GP Industries argues ERAN Industries did not consult others in selecting a date and failed to wait until after a discovery planning conference took place. ERAN Industries agrees it did not attempt to secure an agreed upon date because counsel for GP Industries refused to schedule a date without all parties being able to participate and having had a Rule 26(f) planning conference for all newly added parties.

Although ERAN Industries's conduct is discourteous, the deposition notice need not wait for consent from the other parties or a planning conference with the newly served parties under the Federal Rules of Civil Procedure. **See, e.g.,** Fed. R. Civ. P. 26(d) and 30. However, it is unreasonable to expected newly served parties to participate in the deposition of a principal witness within days of service, even where counsel for some of the third-party defendants may already be involved in the case. Accordingly, the motion to quash is granted, but no attorney fees will be assessed.

Further, the third-party defendants have since filed a motion to stay discovery (Filing No. 139) involving the third-party defendants until after they have an opportunity to respond to the complaint. Some of these third-party defendants dispute personal jurisdiction. ERAN Industries opposes a stay, arguing it is a delaying tactic. **See** Filing No. 141. The court held a preliminary injunction hearing on June 22, 2006, with final submissions on the issues filed by June 30, 2006. Under the circumstances, that the preliminary injunction matter is under submission and many newly served parties having not yet filed a response to the allegations against them, a stay of discovery is warranted and necessary to prevent prejudice to any party. **See *Landis v. North Am. Co.*,** 299 U.S. 248, 254 (1936); **see *Lockyer v. Mirant Corp.*,** 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court under *Landis*."); ***Capitol Indem. Corp. v. Haverfield***, 218 F.3d 872, 874 (8th Cir. 2000). Upon consideration,

**IT IS ORDERED:**

1. ERAN Industries' Motion for Protective Order Quashing Deposition Notices of Messrs. Bachman and Cota (Filing No. 91) is denied.

2. GP Industries, LLC's Motion to Quash or in the Alternative Motion for Protective Order for Lance B. Bailey and Motion for Fees Costs and Expenses (Filing No. 98) is granted.

3. The third-party defendants' motion to stay discovery (Filing No. 139) is granted.

4. Discovery in this matter is stayed for all parties, except by agreement between the parties, until further order of the court.

5. The **telephone** planning conference previously scheduled for August 30, 2006, is continued until **November 6, 2006, at 9:30 a.m.** Counsel for GP Industries, Inc. shall initiate the telephone conference.

DATED this 29th day of August, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge