## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GP INDUSTRIES, LLC, a Nebraska Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | 8:06CV50 |
| vs. | ) ) | ORDER |
| ERAN INDUSTRIES, INC., a Nebraska corporation, and JAMES E. BACHMAN, | ) ) ) ) | |
| Defendants. | ) ) | |
| ERAN INDUSTRIES, INC., a Nebraska corporation, | ) ) ) | |
| Plaintiff, | ) ) | 8:06CV51 |
| vs. | ) ) | ORDER |
| GP INDUSTRIES, LLC, a Nebraska Limited Liability Company, et al., | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on ERAN Industries and James E. Bachman's (collectively ERAN) motion to compel (Filing No. 71). ERAN filed an index of evidence (Filing No. 72), a reply brief (Filing No. 86) and a reply index of evidence (Filing No. 87) in support of the motion. GP Industries (GPI) filed a brief (Filing No. 80) in opposition to the motion to compel.

## BACKGROUND

This lawsuit arises from a dispute between the parties over the infringement or validity of a patent for rain gutter screening devices. The instant motion to compel was filed shortly before the parties appeared before Chief Judge Joseph F. Bataillon for a

hearing regarding a preliminary injunction. On November 8, 2006, an order granting the preliminary injunction was filed. **See** Filing No. 192.

The April 3, 2006 progression order allowed discovery to proceed without limitation as to subject matter – that is, the parties were not limited to discovery regarding the preliminary injunction issues. **See** Filing No. 31. On April 13, 2006, Chief Judge Joseph F. Bataillon allowed ERAN additional time to complete discovery prior to responding to the motion for a preliminary injunction. **See** Filing No. 38. The motion to compel was filed on June 14, 2006, well after ERAN's response to the preliminary injunction motion was due and one week before the June 22, 2006 preliminary injunction hearing.

In the motion to compel, ERAN seeks nine categories of documents or things from GPI. ERAN states it requested the documents or things in its first set of requests for the production of documents. **See** Filing No. 71, p. 1. ERAN also states the parties have made numerous attempts to resolve the discovery disputes without court involvement. **Id.**; Filing No. 72.

## ANALYSIS

With regard to production of documents and things, Fed. R. Civ. P. 34(b) provides:

> The party upon whom the request is served shall serve a written response within 30 days after the service of the request. . . . The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.

See Fed. R. Civ. P. 34(b).

"[F]ederal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." ***Prokosch v. Catalina Lighting, Inc.***, 193 F.R.D. 633, 636 (D. Minn. 2000) (citing cases). Courts have found a legal right existed, requiring respondents to obtain documents from a third-party, where the respondent has some continuing connection with the third-party. **See**

2

*Uniden Am. Corp. v. Ericsson, Inc.*, 181 F.R.D. 302 (D.C.N.C. 1998) (sister corporation); *Henderson v. Zurn Indus., Inc.*, 131 F.R.D. 560, 567 (D.C. Ind. 1990) (documents given to respondent's attorney or insurer); **but see** *Preservation Products, LLC v. Nutraceutical Clinical Labs.*, 214 F.R.D. 494, 496 (N.D. Ill. 2003) (respondent must cooperate by providing release form related to respondent's SEC testimony transcript).

"All discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." *Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). However, the burden is on the party seeking discovery to show the responding party has control over the requested documents. *SEC v. Credit Bancorp., Ltd.*, 194 F.R.D. 469, 472 (D.C.N.Y. 2000). The District Court has discretion to limit the scope of discovery, if it has a good reason to do so. *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998).

### 1.     Privilege Log

ERAN contends the privilege log provided by GPI fails to comply with paragraph 5 of the court's initial progression order. Specifically, ERAN states GPI failed to identify the withheld documents or sufficiently describe the subject matter of withheld documents and identify the author and recipients. ERAN provided the court with a copy of the privilege log for review, however ERAN appears to seek only an opinion from GPI's counsel about whether its products infringe the patent-in-suit, if it exists. **See** Filing No. 87- Exhibit A (privilege log). Further, ERAN states the document should be produced if it exists <u>and</u> if GPI intends to rely on such advice of counsel as a defense to the claim that patent infringement was willful.

GPI states it has provided a privilege log identifying "ongoing communications between GPI and its attorneys" which are protected by the attorney-client or work product privileges. GPI laments the difficulty of providing a log with regard to its sometimes daily communications with counsel. However, GPI understands ERAN seeks a pre-litigation

opinion of counsel.  GPI contends any such opinion does not relate to the preliminary injunction issue and discovery of such document is premature.

In general, "[w]here a potential infringer has actual notice of another's patent rights, it has an affirmative duty to exercise due care to determine whether or not it is infringing. And such due care includes the duty to seek and obtain competent legal advice before engaging in activity that may result in infringement."  **THK America, Inc. v. NSK Co. Ltd.**, 157 F.R.D. 637, 648 (N.D. Ill. 1993) (**THK I**).  Patent opinions rendered by attorneys to their clients are protected by the attorney-client privilege.  **THK America, Inc. v. NSK, Ltd.**, 917 F. Supp. 563, 566 (N.D. Ill. 1996) (**THK II**).  The privilege may be waived, however,  if a party raises an "advice of counsel" defense or otherwise places in issue its reliance upon counsel's advice.  **See Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.**, 32 F.3d 851, 863 (3rd Cir. 1994).  "Waiver therefore stops a party from manipulating an essential component of our legal system--the attorney client privilege--so as to release information favorable to it and withhold anything else."  **Beery v. Thomson Consumer Electronics, Inc.**, 218 F.R.D. 599, 604 (S.D. Ohio 2003) (internal quotations and citation omitted); **but see Flex Products Inc. v. BASF Corp.**, 1998 WL 425475 (E.D. Mich. May 13, 1998) (holding a stay of discovery of such documents may be warranted) (citing cases).

> The "advice of counsel" defense allows a defendant to meet a willful infringement claim by establishing that no willful infringement took place because (a) the defendant attempted to determine if its conduct would infringe the plaintiff's patent by seeking legal advice and (b) defendant relied on its counsel's legal advice that its conduct would not infringe the plaintiff's patent or that the plaintiff's patent was invalid.  The party asserting the "advice of counsel" defense implicitly waives its attorney-client privileges with respect to the attorney-client communications upon which the defense is based. . . .

**Bausch & Lomb Inc. v. Alcon Labs., Inc.**, 173 F.R.D. 367, 370 (W.D.N.Y. 1995).

In **THK I**, the defendants raised a affirmative defenses of laches and estoppel, contending that they relied on plaintiff's alleged delay in filing suit and inactivity to their detriment.  **THK I**, 157 F.R.D. at 650.  The magistrate judge reasoned that the plaintiff should be permitted to rebut defendant's proof of delay, unfulfilled threats of suit, and the

4

like. *Id.* In this context, an estoppel defense could be defeated by showing that the party asserting the defense actually relied not on the plaintiff's conduct, but on its own lawyers' advice.

> Accordingly, it is now a widely accepted principle that evidence of reliance on an opinion of counsel that a particular patent is invalid or not infringed is relevant to the question of estoppel. The determination of such reliance necessarily turns upon the subjective intention of the defendants and, therefore, demands investigation into attorney-client communications where such an intention would be manifested. Whether or not proof of such reliance is sufficient to overcome the defense depends upon the circumstances of the particular case at hand. <u>In any event, defendants' raising of the estoppel defense as a dispositive issue in this case waives the attorney-client privilege and puts those opinions and the question of their actual reliance at issue.</u> Therefore, plaintiff is entitled to discover the pertinent attorney-client documents.

*THK I*, 157 F.R.D. at 650 (footnotes omitted).

Here there is no evidence or pleading which appears to place the issue of GPI's reliance on an opinion of counsel in issue. **See, e.g.**, Filing Nos. 26 and 117 - GPI's Answers. ERAN has not shown otherwise. In fact, ERAN apparently seeks confirmation from GPI that it does not rely on an opinion of counsel. The matter is complicated by GPI's failure to simply state one way or another, however such statement is not required in response to a request for production of documents. Further, trial has not yet been scheduled, amendments to the pleadings must be made through agreement of the parties or leave of court, and the parties will have ample opportunity for discovery. In the absence of ERAN showing reliance on an opinion of counsel is in issue in this case, or even that such an opinion exists, the motion to compel must be denied.

Furthermore, the court has reviewed the privilege log. The log is organized by category in response to the request for production. The log includes the privilege asserted, date of documents in each category, author, recipient and subject matter. **See** Filing No. 87, Exhibit A. ERAN has failed to show how the log fails to comply with the court's earlier order and the Federal Rules of Civil Procedure. Accordingly, the motion to compel must be denied.

### 2. Product Samples

ERAN seeks "two fully functional exemplars of each rain gutter cover product of Defendants, including but not limited to the Leaf-X and Leafree products." ERAN notes GPI produced various product samples, ERAN "believes" other samples exist. **See** Filing No. 71 p. 3. GPI states it has no additional product samples to produce, which are responsive to the request. Further, GPI states "GPI has produced a sample of all products in its possession." **See** Filing No. 80, p.3. ERAN states that GPI has prototypes of products based on drawings made by Lance Bailey. However, that is not what ERAN sought in its request. Since ERAN fails to show there are unproduced gutter cover products in GPI's possession, the motion to compel must be denied.

### 3. Claims of GPI Patent Application

ERAN seeks production of pages 11 and 12 containing the claims of the patent application it filed with the United States Patent and Trademark Office. GPI contends it has produced all relevant information needed to ascertain the invention claimed in the pending patent application. GPI contends the information it redacted is not relevant and is highly confidential, exposure of which would expose GPI to continued harassment by ERAN.

The court finds ERAN has met its burden of showing the patent claims are discoverable. **See, e.g.**, 35 U.S.C. § 112. Merely because documents may contain confidential information does not foreclose disclosure, confidentiality does not equate to privilege. **See *Federal Open Mkt. Comm. v. Merrill***, 443 U.S. 340, 362 (1979)). "Although information is not shielded from discovery on the sole basis that the information is confidential, a party may request the court enter a protective order pursuant to Fed. R. Civ. P. 26(c) as a means to protect such confidential information." ***Horizon Holdings, LLC v. Genmar Holdings, Inc.***, 209 F.R.D. 208, 213-14 (D. Kan. 2002). Since discovery in this case is already subject to a protective order, the any confidential nature of the production may be shielded from general disclosure. Therefore, ERAN's motion to compel will be granted with regard to the two redacted pages of the patent application.

6

### 4.      Customer Financial Information

ERAN seeks the redacted portions of documents bearing production number GPI 385-400.  Such documents are employee expense reports which have been redacted to remove the purpose of the incurred expenses "and perhaps other information."  Similarly, ERAN seeks documents 450-453 and 455, which are redacted pages of a GPI business plan.   ERAN contends GPI redacted financial information for GPI and its individual members.  ERAN argues the redacted information is relevant to identify early customers of GPI products and to determine damage issues.

GPI states it has provided unredacted copies of documents 385-400 and 455. However, GPI contends documents 450-453 contain the defendants' personal financial information which is only relevant to damages, which issue may never arise.  GPI states it will produce the documents when the need arises.

There is no order in this case permitting a party to reserve disclosure of particular categories of documents.  There is no dispute the requested documents are relevant. Accordingly, ERAN's motion to compel will be granted with regard to production of unredacted copies of documents 450-453.

### 5.      Redacted Documents

ERAN states that GPI has produced documents without noting whether they are redacted and has produced documents in a manner to hide the fact of redaction.  ERAN's initial motion references only pages 11 and 12 of the patent application, which was discussed above.  GPI states it has agreed, to extent not already done so, to remove any unwarranted redactions.  However, GPI contends it should not have the burden to review all previously produced documents for verification.

The burden falls squarely on GPI to verify that its production of documents is consistent with the federal rules.  **See** Fed. R. Civ. P. 26(b)(5); ***Continental Illinois***, 136 F.R.D. at 684-85.  Furthermore, failure to comply with the rules may lead to the imposition of sanctions.  **See** Fed. R. Civ. P. 37.  Due to the nature of ERAN's argument, the court will not compel conduct or sanction GPI at this time.  GPI has the continuing burden to supplement its production as necessary to comply with the federal rules.

### 6.      Customer Lists

ERAN contends that GPI withheld certain lists of customers.  However, GPI states such lists were readily available on the internet and that GPI provided the lists to ERAN. Although ERAN now argues it is uncertain whether GPI has fully complied.  ERAN has not provided the court with either the language of the request or how GPI's response is inadequate.  Accordingly, ERAN has failed to meet its burden of showing any additional response is required and the motion to compel will be denied on this issue.

### 7.      Documents Relied Upon by GPI for its Allegations of Patent Invalidity and Unenforceability

ERAN argues it is entitled to a list of all documents GPI relied upon when it alleged the patent was invalid and unenforceable.  GPI responded with an open-ended statement identifying "at least" U.S. Patent No. 2,267,832.  ERAN seeks a more specific and exhaustive listing based on certain patents relied upon by GPI during the preliminary injunction hearing.  GPI contends it has met its obligation of listing or providing all prior art references and documents it is currently relying upon.  GPI argues that it should not be required to provide litigation strategy or attorney work-product information.

GPI is under a continuing obligation to supplement its discovery responses pursuant Federal Rule of Civil Procedure 26(e).  Failure to comply with the discovery rules may result in the imposition of sanctions.  **See** Fed. R. Civ. P. 37.  However, the court has no evidence before it that GPI failed to comply with the rules or has failed to fully respond to the request for production.  Accordingly, ERAN's motion to compel further responses on this issue is denied.

### 8.      Sales Information

ERAN states that GPI produced an undated sales item summary report.  ERAN cannot tell whether the information is timely.  GPI ignored a request to provide a date for the report, but states that it will seasonably amend the document.  GPI states the sales report was current when it was produced.  However, GPI has yet to provide a date

associated with the report.  Accordingly, the court will grant ERAN's motion to compel GPI to provide the date when the sales item summary report was created.

### 9.    Customer Identification

ERAN is concerned that GPI provided all customer information as "attorney's eyes only."  ERAN seeks to show the information to Mr. Backman, the president of ERAN to determine which GPI customers should be added as defendants to this lawsuit.  On July 17, 2006, ERAN filed an amended counterclaim and third-party claim adding many additional parties.  **See** Filing No. 89.

GPI argues the customer information is highly confidential and should not be made available for its direct competitor.  GPI states it is concerned about ERAN threatening its customers and destroying business.  GPI specifically refers to the letters which formed the basis of the motion for preliminary injunction, which injunction was granted.  **See** Filing No. 192.

Essentially, ERAN seeks an order from the court changing the protective designation given to the previously produced customer information.  An order protecting disclosure or discovery is granted only upon a showing of good cause.  **See** Fed. R. Civ. P. 26(c).  The party moving for the protective order has the burden to demonstrate good cause for issuance of the order.  ***Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2***, 197 F.3d 922, 926 (8th Cir. 1999).  In order to make the requisite showing of good cause, the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotype and conclusory statements."  ***Gulf Oil Co. v. Bernard***, 452 U.S. 89, 102 n.16 (1981) (**quoting** 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035, p. 265 (1970)); ***Miscellaneous Docket Matter***, 197 F.3d at 926.  Thus, for good cause to exist, the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted.  **See *Frideres v. Schiltz***, 150 F.R.D. 153, 156 (S.D. Iowa 1993).  The prejudice or harm protected by Rule 26(c) includes "annoyance, embarrassment, oppression, or undue burden or expense."  "Such determination must also include a consideration of the relative hardship to the non-moving party should the protective order be granted."  ***General Dynamics Corp. v.***

9

*Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (**citing** *United States v. Kordel*, 397 U.S. 1, 4-5 (1970)).  "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 362 (8th Cir. 2003).  The court finds GPI has met its burden of showing the protective order is appropriate and the degree of protection already given, "attorney's eyes only," is warranted.  Accordingly, ERAN's motion to compel will be denied on this issue.

No sanctions will be awarded to any party in connection with the motion to compel pursuant to Federal Rule of Civil Procedure 37(a)(4)(C), as ERAN's motion is granted in part and denied in part.  Upon consideration,

**IT IS ORDERED:**

1.      ERAN Industries and James E. Bachman's motion to compel (Filing No. 71) is granted in part and denied in part.  The motion to compel is granted with regard to the unredacted pages 11 and 12 of the patent application; unredacted copies of documents 450-453; and the date when the previously produced sales item summary report was created.  The motion to compel is denied in all other respects.

2.      **On or before November 30, 2006**, GPI shall produce unredacted copies of pages 11 and 12 of the patent application; unredacted copies of documents numbered 450-453; and the date when the previously produced sales item summary report was created.

DATED this 13th day of November, 2006.

BY THE COURT:


 s/ Thomas D. Thalken
United States Magistrate Judge