IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GP INDUSTRIES, LLC, a Nebraska Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) ) | 8:06CV50 |
| vs. | ) ) ) | ORDER |
| ERAN INDUSTRIES, INC., a Nebraska corporation, and JAMES E. BACHMAN, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| ERAN INDUSTRIES, INC., a Nebraska corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | 8:06CV51 |
| vs. | ) ) ) | ORDER |
| GP INDUSTRIES, LLC, a Nebraska Limited Liability Company, et al., | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on conflicting motions to lift a stay or continue a stay. GP Industries (GPI) filed a motion to remove stay on discovery of non-third-party litigants (Filing No. 203). ERAN Industries and James E. Bachman's (collectively ERAN) filed a brief (Filing No. 210) in opposition to GPI's motion to remove the stay. ERAN filed a motion to stay (Filing No. 204). ERAN filed a brief (Filing No. 205) in support of the motion to stay. GPI did not file any opposition to ERAN's motion to stay.

## BACKGROUND

This lawsuit arises from a dispute between the parties over the infringement or validity of a patent for rain gutter screening devices. On August 29, 2006, discovery was stayed for all parties until further order of the court. **See** Filing No. 142. On November 8,

2006, an order granting the preliminary injunction was filed.  **See** Filing No. 192.  On November 27, 2006, ERAN filed a notice of appeal of the preliminary injunction order.  **See** Filing No. 195.  On December 1, 2006, counsel for the parties held a telephone conference with the undersigned magistrate judge regarding the stay of discovery and whether the matter should progress pending appeal.  The parties were given an opportunity to brief the issue and filed the motions currently pending before the court.

ERAN contends the stay of discovery should continue until the appeal is resolved because resolution of the appeal may have a dispositive effect on the issues raised in this case, particularly with regard to claim construction and patent validity issues.  Additionally, ERAN argues an order on appeal may greatly simplify the issues of proof and prevent unnecessary expenditure of time and effort on discovery.

GPI urges the court to allow the parties to proceed with all non-appealed issues and requests the stay be lifted as to "non-third-party litigants."  GPI does not explain which issues it seeks to proceed with discovery, nor does GPI explain why discovery should be lifted only as to some of the parties.  In response to GPI's motion, ERAN contends the if the stay is lifted it should be lifted as to all parties.  ERAN states the out-of-state distributors will have to respond to discovery either as parties or as non-parties, if their motions to dismiss are granted.  Therefore, there is no compelling reason to continue the stay as to the out-of-state distributors and lift the stay as to the other parties.

### ANALYSIS

The power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  ***Landis v. North Am. Co.***, 299 U.S. 248, 254 (1936); **see *Lockyer v. Mirant Corp.***, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court under ***Landis***."); ***Capitol Indem. Corp. v. Haverfield***, 218 F.3d 872, 874 (8th Cir. 2000).  A party who seeks a stay must show hardship or inequity in being forced to move forward if there is "even a fair possibility that the stay for which he prays will work damage to someone else."  ***Lockyer v. Mirant Corp.***, 398 F.3d at 1109; ***Jones v. Clinton***, 72 F.3d

1354, 1364 (8th Cir. 1996) ("Traditionally, an applicant for a stay has the burden of showing specific hardship or inequity if he or she is required to go forward."). Accordingly, the court must balance the consequences of imposing a stay on the opposing party against the consequences of proceeding on the movant. **See *Jones***, 72 F.3d at 1365. It appears continuing the stay of discovery pending resolution of the preliminary injunction appeal and/or the pending motions to dismiss (Filing Nos. 145 and 160) balances the interests of the parties in preventing inequity and preserving resources. Upon consideration,

**IT IS ORDERED:**

1. GP Industries' motion to remove stay on discovery of non-third-party litigants (Filing No. 203) is denied.

2. ERAN Industries and James E. Bachman's motion to stay (Filing No. 204) is granted.

3. Discovery in this matter is stayed for all parties, except by agreement between the parties, until further order of the court.

4. The parties shall have ten (10) days from the date an order is filed on the currently pending motions to dismiss (Filing Nos. 145 and 160), in which to schedule a planning conference with the court. Counsel for GPI shall contact the court within such time period to schedule the planning conference.

DATED this 17th day of January, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge