IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GP INDUSTRIES, LLC, a Nebraska limited liability company,<br><br>    Plaintiff,<br><br>    vs.<br><br>JAMES E. BACHMAN,<br><br>    Defendant, and<br><br>ERAN INDUSTRIES, INC., a Nebraska corporation,<br><br>    Defendant, Counter Claimant and Third-Party Plaintiff,<br><br>    vs.<br><br>LANCE D. BAILEY, et al.,<br><br>    Third-Party Defendants. | 8:06CV50<br><br>MEMORANDUM AND ORDER |
| ERAN INDUSTRIES, INC., a Nebraska corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>GP INDUSTRIES, LLC, a Nebraska Limited liability company,<br><br>    Defendants. | 8:06CV51<br><br>MEMORANDUM AND ORDER |

This matter is before the court on discovery motions filed by GP Industries, LLC ("GPI") (Doc. 234), GPI and the Third-Party Defendants (Doc. 253), and ERAN Industries, Inc. ("ERAN")

(Doc. 259). The briefing schedule has expired. After careful consideration of the parties' arguments, the court finds that both GPI's and ERAN's motions to compel (Docs. 234 & 259) should be granted, and that the motion for protective order filed by GPI and the third-party defendants (Doc. 253) should be granted in part.

## I. BACKGROUND

This lawsuit arises from a dispute between the parties over the infringement or validity of a patent for rain gutter screening devices. ERAN claims ownership of the patent. GPI was founded by former employees of ERAN who were terminated in May and August of 2005. On January 31, 2006, ERAN sent letters to its network of dealers and wholesale contractors, who were also customers or potential customers of GPI, informing them that GPI planned to manufacture and sell a gutter cover that infringed ERAN's patent.

On February 7, 2006, GPI filed its complaint (Case No. 8:06CV50) for a declaratory judgment of noninfringement, invalidity and unenforceability of ERAN's patent, and also asserted claims based on tortious interference with business relationships, and violations of the Nebraska Deceptive Trade Practices Act. On February 8, 2006, ERAN filed a separate action (Case No. 8:06CV51) stating claims for patent infringement and misappropriation of a trade secret. The actions were consolidated for discovery and trial, with all papers to be filed in the lead case, No. 8:06CV50. Both parties amended their pleadings to add claims and parties, with ERAN adding a RICO claim and naming distributors, dealers and contractors as defendants.[1]

---

[1] ERAN's claims in Case No. 8:06CV51 have been treated as a counterclaim against GPI and third-party claims against certain of ERAN's former employees, manufacturing representatives and distributors. *See* Filing No. 89, amended by Order at Filing No. 101).

GPI filed a motion for preliminary injunction on March 31, 2006. While that motion was still pending, ERAN sent a second letter to approximately 20 of its former dealers and contractors informing them that GPI's products were based on a misappropriated trade secret design. This letter included assertions that GPI's conduct constituted mail fraud, interstate transportation of stolen property, and other criminal activity and that GPI's activities constitute a pattern of racketeering activity that is a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO). ERAN warned the dealers and contractors that they would be added as defendants in the present litigation if they failed to stop selling GPI's products and threatened imposition of treble damages as a remedy. GPI's customers reportedly rescinded orders of over $600,000 after they were contacted by ERAN.

### A. Discovery Requests Served on ERAN by GPI

On July 28, 2006, GPI served 213 requests for production of documents on ERAN; however, discovery was stayed on August 29, 2006 pending resolution of GPI's motion for preliminary injunction and jurisdictional issues raised by the third-party defendants. Thus, ERAN did not respond to the requests at that time.

On November 8, 2006, Chief Judge Bataillon granted GPI's motion for preliminary injunction in part, ordering ERAN to refrain from sending threatening letters to GPI's distributors and customers. ERAN promptly filed an interlocutory appeal to the Court of Appeals for the Federal Circuit.[2]

---

[2] The order for preliminary injunction was reversed by the Court of Appeals for the Federal Circuit on September 20, 2007. *GP Indus., Inc. v. ERAN Indus., Inc.*, 500 F.3d 1369 (Fed. Cir. 2007).

Upon Judge Bataillon's recusal on May 1, 2007, the matter was reassigned to Judge Smith Camp and the undersigned magistrate judge. On July 31, 2007, Judge Smith Camp entered an order dismissing without prejudice ERAN's claims against 13 third-party defendants for lack of personal jurisdiction; dismissing with prejudice ERAN's RICO claims against the third-party defendants; and lifting the stay of discovery.

Beginning August 8, 2007, counsel began exchanging e-mail messages regarding the scheduling of depositions. On August 13, 2007, GPI's attorney e-mailed ERAN's attorney, reminding him that ERAN had not yet responded to GPI's 213 requests for production of documents. A verbal exchange between counsel occurred on August 16, 2007 during the deposition of third-party defendant Joshua Lee Hesse. *See* Doc. 236-4. The following day, counsel for ERAN responded to the August 13 message and also demanded discovery from the third-party defendants and supplemental responses from GPI. Further e-mail communications among counsel did nothing to help resolve the parties' various discovery disputes in this court. *See, e.g.*, Docs. 236-3, 255-2, 245-3, 245-4, 245-6 & 245-7.

ERAN served its responses to GPI's document requests on September 12, 2007, raising general objections (which are not permitted in this district or under the Federal Rules of Civil Procedure), and what are essentially boilerplate objections based on relevance, ambiguity, undue burden, privilege, work-product immunity, and confidentiality. Nor did ERAN's responses comply with the requirements of the initial case progression order (Doc. 31), which provides:

> **5. Withholding Documents from Disclosure or Discovery**. If any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall disclose the following information about each such document withheld: a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general

>   nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure.

Following each of its boilerplate objections, ERAN indicated that responsive documents not subject to privilege or work product immunity had either been produced to GPI "in the briefing opposing GPI's motion for preliminary injunction" or "will be produced," or that – subject to its objections – it had no responsive documents. In its reply brief (Doc. 251 at p.3), GPI advises that ERAN did not ever provide any documents in response to GPI's requests for production.[3]

### B. Motion for Protective Order (Doc. 253)

In light of ERAN's alleged refusal to provide any discovery in this matter, GPI and the remaining third-party defendants[4] seek a protective order "from further participation in any form of discovery" (Doc. 253 at p.2), including the deposition of GPI's Chief Executive Officer, David Herdrich, until ERAN fully complies with GPI's document requests. Apparently, the third-party defendants have delayed responding to discovery requests served by ERAN because they are awaiting the court's ruling on the pending discovery motions and feel they are entitled to receive some discovery from ERAN before they themselves produce anything.

---

[3] Although GPI and the third-party defendants also accuse ERAN of failing to provide discovery in a related matter now pending in state court, this court does not have the inclination – or jurisdiction – to resolve any discovery disputes that arise in the state court proceeding.

[4] Claims remain pending against third-party defendants First Choice Gutters and Siding, Inc.; Omaha Gutter & Siding Company; James L. Sipes; General Stamping, Inc.; Specialty Tool and Machine Inc.; Daniel Stava; Gregory M. Stava; Lance D. Bailey; Randall R. Bailey; Brian M. Beck; David R. Herdrich; and Joshua Hesse.

In response, ERAN notes that it did serve written responses and objections (but no documents) to GPI's document requests. It complains that the movants failed to comply with NECivR 7.1(i) and that the remaining third-party defendants have failed to provide written discovery responses to ERAN.

### C. ERAN's Motion to Compel (Doc. 259)

On or about August 1, 2006, ERAN served requests for production of documents on third-party defendants Omaha Gutter & Siding Company, First Choice Gutter & Siding, Inc., General Stamping, Inc., Specialty Tool & Machine, Inc., Daniel Stava, Gregory Stava, and James L. Sipes. *See* Doc. 260, Exhibits A-G. Initially, no responses were served due to the stay of discovery. After the stay was lifted on July 31, 2007, the third-party defendants did not respond to the requests. ERAN states that it requested a discovery conference, but opposing counsel refused to participate.

The third-party defendants did not respond to ERAN's motion.

## LEGAL ANALYSIS

### A. Good Faith Effort to Resolve Dispute

Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure provides that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." To this effect, NECivR 7.1(i) provides:

> **(i) Discovery Motions.** To curtail undue delay in the administration of justice, this court will not consider any discovery motion unless counsel for the moving party, as part of the motion, shows in writing that after personal consultation with counsel for opposing parties and sincere attempts to resolve differences, they are unable to reach an accord. This showing shall also recite the date, time, and place of such communications and the names of all persons participating in them....

> **(1) "Personal Consultation" Defined.** "Personal consultation" shall include person-to-person conversation, either in the physical presence of each counsel or on the telephone. An exchange of letters, faxes, voice mail messages, or e-mails between or among counsel may also constitute personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the non-moving party.

The record demonstrates that counsel for all parties addressed these requirements with sanctimony and hostility.

The tenor and content of ERAN's responses to GTI's document requests strongly suggest that ERAN had no intention of producing any responsive documents unless compelled to do so, and that ERAN did not make any sincere effort to provide relevant discovery. Considering the record as a whole, the court gives little credence to ERAN's sanctimonious representations that it has tried to resolve these discovery disputes without court intervention.

Rising to the bait, GTI and the third-party defendants reacted by refusing to provide any more discovery to ERAN and requesting the entry of a protective order endorsing that practice.

For the sole purpose of moving this case forward, the court will assume (without deciding) that counsel have complied with NELR 7.1(i).

### B.  Scope of Discovery

The scope of discovery in federal civil actions is set out in Rule 26 of the Federal Rules of Civil Procedure. Under Rule 26(b)(1), the parties to a lawsuit obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the

claim or defense of any party. A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party." *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnotes omitted).

All discovery is subject to the limitations imposed by Rule 26(b)(2), and the court must limit discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2). Rule 26(c) further contemplates the issuance of protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in certain respects.

When the discovery sought appears relevant on its face, the party resisting discovery has the burden to establish that the discovery is not relevant, or is "of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure." *Moses v. Halstead*, 236 F.R.D. at 671. If the relevancy of the discovery request is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request. *Id*.

The federal law claims asserted in these cases pertain to a patent which was issued in September 1996, and the patent application was made in March 1995. Numerous defenses have been

raised. Thus, the court believes that the scope of discovery will be fairly broad as to both time and topic.

### C. GPI's Motion to Compel (Doc. 234)

Fed. R. Civ. P. 34(b)(i) provides: "A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." Under Rule 34(b), the responses must allow the requesting party to readily determine which documents are responsive to which request. The producing party need not actually copy the documents for the requesting party, but need only make the documents available for inspection and copying at an appropriate time and place.

In this case, ERAN responded to GPI's requests for production of documents by indicating that responsive documents not subject to privilege or work product immunity had either been produced to GPI "in the briefing opposing GPI's motion for preliminary injunction" or "will be produced," or that – subject to its various objections – it had no responsive documents. Although numerous claims of privilege and/or work-product immunity were asserted, ERAN did not provide the required information as to those documents, i.e.,

> (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure.

Initial Case Progression Order (Doc. 31) at ¶ 5.

As to ERAN's objections based on oppressiveness or undue burden,

> "All discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the

> general rule requires the entity answering or producing the documents to bear that burden." *Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections). Bare assertions that discovery requested is overly broad, unduly burdensome, oppressive or irrelevant are ordinarily insufficient to bar production. *Id*. "The party resisting discovery must show specifically how ... each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive." *Id*. (citations omitted).
>
> The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. *See Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 610 (D. Neb. 2001). This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents. *See id.* It is insufficient for the party objecting to discovery based on relevance to simply make conclusory allegations that the request is irrelevant. *Burnett v. Western Res. Inc*., CIV. A. No. 95-2145-EEO, 1996 WL 134830, *4 (D. Kan. Mar. 21, 1996). If the discovery sought appears relevant, the opposing party bears the burden of specifically showing how each discovery request is irrelevant. *Id*. However, a threshold showing of relevance is necessary before production of information, which does not reasonably bear on the issues in the case, is required. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1993).

*Miller v. Kellogg USA, Inc.*, 2006 WL 468315, Case No. 8:04CV500, Filing No. 77 (D. Neb., May 3, 2006).

The court finds that ERAN has failed to demonstrate that producing responsive documents would cause it any undue burden. While ERAN may have produced documents related to the motion for preliminary injunction, it is far from clear whether ERAN produced its documents as they are kept in the usual course of business, or whether any of the documents previously produced are responsive to GPI's pending requests.

The court further finds that ERAN's responses to GPI's requests for production of documents are insufficient. ERAN will be given until **December 24, 2007** to produce for inspection and copying all documents responsive to GPI's requests for production of documents. ERAN shall produce the documents either (a) as they are kept in the usual course of business or (b) organized and labeled to correspond with the categories in GPI's requests. **All counsel are directed to cooperate in scheduling the production and inspection of these documents.** Failure to do so will result in the imposition of evidentiary, monetary, or other sanctions pursuant to Fed. R. Civ. P. 37.

If ERAN intends to assert any claims of privilege or work product immunity, ERAN shall prepare and serve a privilege log in full compliance with paragraph 5 of the initial progression order (Doc. 31), quoted above. The privilege log shall be served on opposing counsel no later than **December 24, 2007**; otherwise, ERAN's claims of privilege or work-product immunity will be deemed waived as to any item not timely designated and described on its privilege log.

### D.  Motion for Protective Order (Doc. 253)
### ERAN's Motion to Compel (Doc. 259)

GPI and the third-party defendants complain, with some merit, that they are at a tactical disadvantage because GPI has provided discovery and ERAN has not. It does not appear that the movants can prepare for depositions unless and until ERAN produces necessary documents.

The court finds that the motion for protective order should be granted in that ERAN's notice of deposition of David Herdrich (Doc. 249) is hereby quashed, and ERAN is forbidden to schedule any depositions until its document production is substantially completed.

Meanwhile, the third-party defendants will not be exempted from responding to ERAN's requests for production of documents, and ERAN's Motion to Compel (Doc. 259) is granted. The

third-party defendants are given until and including **December 24, 2007** to serve their responses to ERAN's document requests. If they fail to do so, evidentiary, monetary, or other sanctions may be imposed.

### E.   Costs and Sanctions

Having reviewed the documents submitted in conjunction with these motions, the court is very much persuaded that if any party to this case can be accused of obstructing discovery, that party is ERAN Industries. The court wishes to impose a moratorium on the escalating incivility and gamesmanship that is occurring in this case. With that goal in mind, I do not believe it would be constructive to impose sanctions on any party at this time and, in my discretion, I decline to do so.

### ORDER

**IT IS ORDERED:**

1.   GPI's Motion to Compel (Doc. 234) is granted, as follows:

    a.   ERAN is given until **December 24, 2007** to produce for inspection and copying all documents responsive to GPI's requests for production of documents. ERAN shall produce the documents either (a) as they are kept in the usual course of business or (b) organized and labeled to correspond with the categories in GPI's requests. All counsel shall cooperate in scheduling the production and inspection of these documents.

    b.   If ERAN intends to assert any claims of privilege or work product immunity, ERAN shall prepare and serve a privilege log in full compliance with paragraph 5 of the initial progression order (Doc. 31). The privilege log shall be served on opposing counsel no later than **December 24, 2007**; otherwise, ERAN's claims of privilege or work-product immunity will be deemed waived as to any item not timely designated and described on its privilege log.

2.   The Motion for Protective Order filed by GPI and the Third-Party Defendants (Doc. 253) is granted, in part, in that ERAN's notice of deposition of David Herdrich (Doc. 249) is hereby quashed, and ERAN is forbidden to schedule any depositions until its document production is substantially completed.

      3.    ERAN's Motion to Compel (Doc. 259) is granted. The third-party defendants are given until and including **December 24, 2007** to serve their responses to ERAN's document requests. If they fail to do so, evidentiary, monetary, or other sanctions may be imposed.

      4.    If counsel cannot reach a reasonable agreement as to the production of documents ordered herein, and further intervention by the court is required, the matter will be immediately referred to a special master, and the costs of retaining the special master will be assessed against the parties in proportion to their success (or lack thereof) on the merits of their reasons for withholding discovery.

      5.    ERAN's surreply brief (Doc. 262) and evidence index (Doc. 263) regarding GPI's Motion to Compel were filed without permission of the court, *see* NECivR 7.1(c), and are hereby stricken from the record.

      6.    All parties' requests for costs and attorney's fees are denied.

**DATED November 29, 2007.**

                                  **BY THE COURT:**

                                  **s/ F.A. Gossett**
                                  **United States Magistrate Judge**