# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **GP INDUSTRIES, LLC, a Nebraska limited liability company,** ) ) ) **Plaintiff,** ) ) vs. ) ) **JAMES E. BACHMAN,** ) ) **Defendant, and** ) ) **ERAN INDUSTRIES, INC., a Nebraska corporation,** ) ) ) **Defendant, Counter Claimant and Third-Party Plaintiff,** ) ) vs. ) ) **LANCE D. BAILEY, et al.,** ) ) **Third-Party Defendants.** ) | **8:06CV50** **MEMORANDUM AND ORDER** |

On November 29, 2007, the court entered an order granting a Motion to Compel filed by GP Industries, LLC ("GPI") and directing ERAN Industries, Inc. ("ERAN") to produce for inspection and copying all documents responsive to GPI's requests for production of documents, said production to occur no later than December 24, 2007. ERAN was ordered to produce the documents either (a) as they are kept in the usual course of business or (b) organized and labeled to correspond with the categories in GPI's requests.

GPI now advises that on December 21, 2007, ERAN produced approximately 3,000 unstapled pages of documents "in a jumbled fashion" and refused to identify which documents were

responsive to which document requests. (The document production was also incomplete.) GPI began contacting ERAN's attorney, Michael B. Hurd, as early as January 3, 2008, about this problem.

When asked to properly identify the documents ERAN had produced, in compliance with this court's Order of November 29, 2007, Mr. Hurd maintained that the documents were produced as they were kept in the ordinary course of business, and no further identification or descriptions need be supplied. Mr. Hurd challenged GPI to provide him with case law to the contrary and offered to produce electronic images of the documents. (*See* Doc. 287-7). Ultimately, GPI demanded that ERAN supplement its responses by noon on March 11, 2008, so that GPI could prepare for the Rule 30(b)(6) deposition of ERAN Industries, noticed for March 18.[1]

To Mr. Hurd's professed "surprise," GPI filed the pending "MOTION FOR SANCTIONS AND TO COMPEL" (Doc. 281) on the early evening of March 10, 2008.[2] The following day, Mr. Hurd sent a letter to GPI's counsel expressing his dismay that GPI had not waited until noon on March 11, 2008, because ERAN was preparing to provide GPI with an index to the 3,000 documents. (*See* Docs. 287-6 & 287-10).

GPI has submitted the Declaration of David Herdrich (Doc. 283-4) in support of its motion. Herdrich states that while he worked at ERAN Industries as its CFO, the company employed a file management system that had separate locations for Financial Information, Customer Information, Legal Information, Marketing Information, and Human Resources Information. At that time,

---

[1] ERAN also complained that it did not have time to prepare for this deposition; however, it did not move to quash the deposition notice, which was served on March 3, 2008.

[2] The notice of electronic filing indicates that the motion was "filed on 3/10/2008 and received by the system on 3/10/2008 6:34 PM CDT."

ERAN's files were organized by date, topic, or alphabetical order with file separators that divided documents for convenient retrieval.

In its responsive brief (Doc. 286), ERAN admits that it procured documents from various locations and shipped them in a single box to GPI's counsel. Although ERAN now maintains that its Exhibit D (Doc. 287-6) somehow demonstrates that it produced the documents as they were kept in the ordinary course of business, the utility of this document is far from obvious. ERAN's "index" consists of a two-column, 51-line table correlating certain Bates numbers with pithy document descriptions such as "corporation info.," "Documents regarding GP Industries lawsuit," and "Photographs." Even assuming that the index could be helpful, Mr. Hurd only provided it on March 11, 2008, not when ERAN produced the 3,000 pages of documents.

The court finds that ERAN did not comply with the November 29, 2007 order commanding it to produce all responsive documents either (a) as they are kept in the usual course of business or (b) organized and labeled to correspond with the categories in GPI's requests.

Having conducted independent research on this issue, the court adopts the interpretation of Fed. R. Civ. P. 34(b) that was applied in *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 617-18 (D. Kan. 2005). In *Cardenas*, the defendant responded to the plaintiff's requests for production of documents by stating that responsive documents had been produced; however, the defendant did not explain how the approximately 18,000 documents in nine "bankers' boxes" it had produced as initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) correlated to any of the plaintiff's Rule 34 requests. The defendant's transmittal letter merely identified 12 categories of documents and their Bates stamp numbers. In the resulting discovery dispute, the defendant asserted that the

documents were produced as they were kept in the usual course of business. On that issue, the court observed:

> DJG provides no additional information about these documents. It does not explain the origin of any of these twelve categories of documents, i.e. where these documents were maintained or who maintained them, and whether the documents in each category came from one single source or file or from multiple sources or files. In short, DJG does not provide the Court with any information, let alone evidentiary proof, to establish that the documents were produced as kept in the ordinary course of business. Rather, DJG merely makes the unsupported assertion that they were produced in that manner. While DJG did group the documents into twelve different categories, the Court does not find that such categorization satisfies the "usual course of business" criterion.

230 F.R.D. at 618. The court acknowledged that Rule 34 does not explain what it means to produce documents as they are kept in the usual course of business, and there was little case law on the subject. Thus, the court held that

> a party who chooses the Rule 34(b) option to produce documents as they are kept in the ordinary course of business bears the burden of showing that the documents were in fact produced in that manner. A mere assertion that they were so produced is not sufficient to carry that burden. In addition, merely categorizing the documents produced does not, without some further explanation, satisfy the requirement that they be produced as kept in the usual course of business.

*Id*.

In this case, GPI has demonstrated that ERAN was known to have recently employed a filing system that does not in any way resemble the "organization" reflected in ERAN's proffered index. The court finds that ERAN has not met its burden to establish that it produced these documents "as they are kept in the usual course of business." Because ERAN did not produce the documents as kept in the usual course of business, ERAN should have organized and labeled the documents to correspond with the categories in each request, as required by Rule 34(b).

The court further finds that GPI did attempt in good faith to obtain the discovery without court action; that ERAN's nondisclosure, responses or objections were not substantially justified; and GPI is entitled to recover its reasonable expenses (including attorney's fees) incurred in making this motion to compel.

Since it appears that the documents have already been physically provided to GPI, ERAN will be given five (5) business days in which to identify, by Bates number, exactly which documents are responsive to each of GPI's document requests.

**IT IS ORDERED** that GPI's "MOTION FOR SANCTIONS AND TO COMPEL" [281] is granted, as follows:

1. ERAN Industries, Inc. is given until **5:00 PM on March 25, 2008** in which to identify, by Bates number, exactly which documents are responsive to each of GPI's document requests.

2. GPI is entitled to an award of costs pursuant to Fed. R. Civ. P. 37(a)(5). The parties shall be heard on the matter of costs and sanctions as follows:

   a. GPI shall file a "Motion for Attorney Fees," together with an affidavit attesting to the time and expenses incurred between **December 21, 2007 and March 10, 2008** in preparing the instant motion to compel

   b. ERAN shall serve and file a response, if any, to defendant's application for attorney's fees within **ten (10) business days** after the motion is served, at which time the issue of costs and sanctions will be deemed submitted and a written order entered.

**DATED March 18, 2008.**

                **BY THE COURT:**

                **s/ F.A. Gossett**
                **United States Magistrate Judge**