# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GP INDUSTRIES, LLC, a Nebraska limited liability company,<br><br>      Plaintiff,<br><br>    vs.<br><br>JAMES E. BACHMAN,<br><br>      Defendant, and<br><br>ERAN INDUSTRIES, INC., a Nebraska corporation,<br><br>      Defendant, Counter Claimant and Third-Party Plaintiff,<br><br>    vs.<br><br>LANCE D. BAILEY, et al.,<br><br>      Third-Party Defendants. | 8:06CV50<br><br>**MEMORANDUM AND ORDER** |
| ERAN INDUSTRIES, INC., a Nebraska corporation,<br><br>      Plaintiff,<br><br>    vs.<br><br>GP INDUSTRIES, LLC, a Nebraska Limited liability company,<br><br>      Defendants. | 8:06CV51<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the motion (Doc. 335) of GP Industries, LLC ("GPI") to "Order Discovery of James Welch" and to extend the deadline for GPI to complete the depositions of Mr. Welch, Tom Cota, Greg Haskins and Craig Pohlman. Eran

Industries, Inc. ("ERAN") objects. (Docs. 351 & 352). As discussed below, the court finds that GPI's motion should be denied.

## BACKGROUND

At issue in this case is United States Patent No. 5,557,891(the '891 Patent) for a "Gutter Protection System" invented by Gregory P. Albracht. Albracht filed his patent application on March 31, 1995. The '891 Patent was issued to Albracht on September 24, 1996. Albracht sold the patent to ERAN Industries, Inc. (ERAN) in 1998.

James D. Welch was the patent attorney who prosecuted the patent in suit on behalf of Albracht and ERAN. On or about July 18, 2008, GPI's attorneys informally made known to ERAN's attorneys that GPI wished to obtain documents from Mr. Welch

> related to representation of Greg Albracht or Eran Industries for gutter cover related patent applications which were filed, pending or published between 1995 to the present which are not identified on Eran's privilege log including but not limited to prosecution histories, correspondence related thereto, all of Mr. Welch's billing statements related thereto, notes, journals, infringement, validity, unenforceability opinions or contentions, or the like related thereto.

Doc. 337-10. ERAN objected on the ground that communications with patent counsel relating to filing and prosecution of a patent application are privileged. Doc. 337-12.

Paragraph 1.b of the November 29, 2007 order (Doc. 269) compelling ERAN to provide discovery to GPI specifically provides:

> If ERAN intends to assert any claims of privilege or work product immunity, ERAN shall prepare and serve a privilege log in full compliance with paragraph 5 of the initial progression order (Doc. 31). The privilege log shall be served on opposing counsel no later than **December 24, 2007**; otherwise, ERAN's claims of privilege or work-product immunity will be deemed waived as to any item not timely designated and described on its privilege log.

To date, ERAN has not identified any documents evidencing communications with Mr. Welch on its privilege log.

On or about August 19, 2008, GPI served a subpoena on Mr. Welch commanding him to appear for deposition on August 28, 2008 at 1:00 p.m. and to produce the documents described above.[1] By letter dated August 22, 2008, Mr. Welch advised GPI's attorney that he consulted the Nebraska State Bar Association Counsel for Discipline and was advised not to disclose anything unless he received a court order. The letter states that counsel for Mr. Albrecht and ERAN's representative, James Bachman, both told Mr. Welch not to disclose any confidences. Mr. Welch's letter states that he had "correspondence [he] sent to Mr. Bachman and Mr. Albrecht in which [he was] very critical of them." He stated that he did not have the files pertaining to the prosecution history of any of the Albrecht Eran Patents; he had delivered them to another law firm when he withdrew from his representation of Albrecht and Bachman.

By letter dated August 24, 2008, Mr. Welch advised GPI's attorney that he did have some billing statements which were sent to Bachman at the time Welch was acting as a patent attorney for Albrecht and/or Bachman.

---

[1] If a subpoena commands the production of documents, electronically stored information, or tangible things, "then, before it is served, a notice must be served on each party." Fed. R. Civ. P. 45(b)(1). In this regard, NECivR 45.1 further provides :

**(a) Notice to Adverse Party.** No subpoenas for production or inspection may be issued for service on a nonparty without giving the adverse party at least ten (10) business days notice before the subpoena will be issued. The notice shall state the name and address of the nonparty who will be subpoenaed, the documents or items to be produced or inspected, the time and place for production or inspection, and the date on which the subpoena will be issued.

GPI did not comply with either of these rules when it served its subpoena on Mr. Welch.

In response to GTI's subpoena, Mr. Welch compiled a collection of responsive documents; however, he asserted that the documents were protected by the attorney-client privilege and indicated that he would refuse to answer deposition questions based upon the assertion of the attorney-client privilege. Apparently, counsel for ERAN has never reviewed the documents that are being withheld by Mr. Welch.

Mr. Welch's August 28, 2008 deposition was cancelled. It also appears that the depositions of ERAN's former employee Tom Cota, and former directors Greg Haskins and Craig Pohlman were cancelled by GTI after ERAN refused to instruct Mr. Welch to produce the documents.

The pending motion was filed on August 27, 2008. Remarkably, there is no certificate or notice in the record showing that Mr. Welch was ever served with a copy of the motion, although GPI's attorneys have included in their reply index (Doc. 360-3) a copy of a letter to Mr. Welch dated September 19, 2008, which states:

> Pursuant to our previous conversation notifying you of our intent to seek an order to obtain Eran-related information, GPI has moved the Court for an order compelling the production of documents, things and testimony related thereto consistent with the subpoena which was served on you on August 20, 2008. A complete copy of the briefing documents are enclosed.

### DISCUSSION

**A.  Compliance with Subpoena**

Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure now provides:

> (B) **Objections.**  A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested.

> The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
>
> (i)   At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
>
> (ii)   These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

Mr. Welch timely (and professionally) served written objections to GPI's subpoena, i.e., his letters of August 22 and August 24, 2008. It then became GPI's burden to enforce the subpoena by filing a motion to compel, "on notice to the commanded person," i.e., Mr. Welch. Instead, GPI served its motion to compel on ERAN. ERAN did not file any motion to quash the subpoena, *see* Fed. R. Civ. P. 45(c)(3)(A)(iii), presumably because ERAN was not served with any prior notice as required by Fed. R. Civ. P. 45(b)(1).

Due to GPI's significant departure from the straightforward procedural requirements of Rule 45, the court finds that this particular subpoena should not be enforced.

### B. Completion of Depositions

In addition to the issues involving Mr. Welch, GPI complains that ERAN has prevented it from deposing former employee Tom Cota, and former directors Greg Haskins and Craig Pohlman. Apparently, ERAN objects to GPI contacting Cota, Haskins or Pohlman directly *see*, e.g., Docs. 337-9 and 352-6, on the ground that ethical rules prohibited the contact due to the deponents' prior association with ERAN; however, there is no evidence that Cota, Haskins or Pohlman are represented by counsel in this matter. Nor did ERAN's attorney actually ascertain when the three witnesses would be available to be deposed.

Counsel's efforts to resolve the deposition schedule consist largely of a childish series of e-mails culminating in GPI's ultimatum on the evening of August 25, 2008:

> If Eran can assure me in the next hour that it is willing to permit the full discovery of Mr. Welch regarding the prosecution of the '891 Patent and all documents within the scope of GPI's document requests and GPI's notice of deposition, GPI will not postpone the scheduled depositions. Otherwise GPI will postpone the depositions and seek further Court assistance to obtain the full scope of discovery to which GPI is entitled.

Doc. 337-18.

## CONCLUSION

The court will not enforce the subpoena served on James D. Welch due to GTI's failure to comply with the notice requirements of Fed. R. Civ. P. 45 and NECivR 45.1. Since Judge Smith Camp recently granted GPI an extension of time to November 28, 2008 in which to complete depositions and fact discovery, and Mr. Welch compiled the responsive documents over six weeks ago, GTI may re-serve its subpoena on Mr. Welch, in full compliance with Fed. R. Civ. P. 45, after giving **three business days'** notice to counsel for ERAN.

ERAN shall file any objection or motion to quash the subpoena within **three business days** of being served with notice. If ERAN intends to raise any objections based on grounds of privilege, ERAN shall fully comply with the requirements of Fed. R. Civ. P. 45(d)(2) **and** shall also show cause by written affidavit why its claims of privilege should not be deemed waived for failure to comply with the court's November 29, 2007 order (Doc. 269).

Any notices or responses regarding the Welch subpoena that are filed after 5:00 p.m., Central Time, will be deemed served as of the following business day.

Counsel are ordered to devise a final deposition schedule at their earliest possible convenience. Counsel for ERAN shall, no later than the close of business (5:00 p.m. Central time) on October 15, 2008, contact opposing counsel with the dates and times Mr. Bachman and witnesses Tom Cota, Greg Haskins and Craig Pohlman are available for deposition.

The parties' requests for attorney's fees and sanctions are denied. The court finds that the circumstances of this incident would make any such award unjust. *See* Fed. R. Civ. P. 37(a)(5).

## ORDER

**IT IS ORDERED**:

1. The motion (Doc. 335) of GP Industries, LLC ("GPI") to "Order Discovery of James Welch" and to extend the deadline for GPI to complete the depositions of Mr. Welch, Tom Cota, Greg Haskins and Craig Pohlman is denied.

2. All parties are given until **November 28, 2008** to complete depositions and fact discovery.

3. GTI may re-serve its subpoena on James D. Welch after giving **three business days'** notice to counsel for ERAN. ERAN shall file any objection or motion to quash the subpoena within **three business days** of being served with notice. If ERAN raises any objections based on grounds of privilege, ERAN shall fully comply with the requirements of Fed. R. Civ. P. 45(d)(2) **and** shall also show cause by written affidavit why its claims of privilege should not be deemed waived for failure to comply with the court's November 29, 2007 order (Doc. 269).

4. Counsel are ordered to devise a final deposition schedule at their earliest possible convenience. Counsel for ERAN shall, no later than the close of business (5:00 p.m. Central time) on **October 15, 2008**, contact opposing counsel with the dates and times Mr. Bachman and witnesses Tom Cota, Greg Haskins and Craig Pohlman are available for deposition.

**DATED October 8, 2008.**

                                  **BY THE COURT:**

                                  s/ F.A. Gossett
                                  **United States Magistrate Judge**