IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GP INDUSTRIES, LLC, a Nebraska limited liability company,<br><br>        Plaintiff,<br><br>  vs.<br><br>JAMES E. BACHMAN,<br><br>        Defendant, and<br><br>ERAN INDUSTRIES, INC., a Nebraska corporation,<br><br>        Defendant, Counter Claimant and Third-Party Plaintiff,<br><br>  vs.<br><br>LANCE D. BAILEY, et al.,<br><br>        Third-Party Defendants. | 8:06CV50<br><br>MEMORANDUM AND ORDER |
| ERAN INDUSTRIES, INC., a Nebraska corporation,<br><br>        Plaintiff,<br><br>  vs.<br><br>GP INDUSTRIES, LLC, a Nebraska Limited liability company,<br><br>        Defendants. | 8:06CV51<br><br>MEMORANDUM AND ORDER |

    A telephonic hearing was held on October 28, 2008 on the motion (Doc. 382) of GP Industries, LLC ("GPI") "TO COMPEL DOCUMENTS, THINGS AND TESTIMONY SUBPOENAED FROM JAMES D. WELCH PURSUANT TO FED. R. CIV. P. 45(2)(c)(2)." Counsel participating were Dax D.

Anderson, Todd E. Zenger and Roger L. Shiffermiller for GPI, and Michael B. Hurd and Paul R. Elofson for Eran Industries, Inc. ("ERAN").

GPI's attempt to obtain discovery from James D. Welch was the subject of the court's order of October 8, 2008 (Doc. 377). Mr. Welch was the patent attorney who prosecuted the patent in suit on behalf of the Gregory Albracht (the inventor) and ERAN. The October 8, 2008 order provided:

> GTI may re-serve its subpoena on James D. Welch after giving **three business days'** notice to counsel for ERAN. ERAN shall file any objection or motion to quash the subpoena within **three business days** of being served with notice. If ERAN raises any objections based on grounds of privilege, ERAN shall fully comply with the requirements of Fed. R. Civ. P. 45(d)(2) **and** shall also show cause by written affidavit why its claims of privilege should not be deemed waived for failure to comply with the court's November 29, 2007 order (Doc. 269).

On October 13, 2008, GPI served notice of its intention to serve a Rule 45 subpoena on third party, James D. Welch, in three (3) business days. (Doc. 379). No objection was filed in accordance with the October 8, 2008 order[1], and the subpoena was served on Mr. Welch on October 16, 2008 commanding him to appear for deposition on October 30, 2008 and to produce and permit inspection and copying of the following documents prior to the deposition:

> All documents and things related to the representation of Greg Albracht or Eran Industries for gutter cover related patent applications which were filed, pending or published between 1990 to the present but not limited to prosecution histories, correspondence related thereto, all of Mr. Welch's billing statements related thereto, notes, journals, infringement, validity, unenforceability opinions or contentions, or the like related thereto. All documents and things relating to the prosecution and or development of U.S. Patent No. 5,557,891. All documents and things concerning or comprising communications or correspondence to or from any patent attorney concerning any patent applications proposed or filed. All documents and things constituting or identified during any prior art investigations, searches, studies, or evaluation concerning or relating to rain gutter cover products. All documents and things concerning or constituting patents, publications, or other prior art of which you are aware that concern, disclose, describe, or claim devices for impeding entry of debris into rain gutter systems which have a pre-manufactured bend. All known prior art which might anticipates [sic] or render obvious the invention claimed in the U.S. Patent No. 5,557,891. All correspondence between you and Mr. Bachman and/or Eran Industries and/or any employee thereof.

---

[1] During oral argument, counsel for ERAN indicated that an objection was served on GPI; however, ERAN did not comply with the October 8, 2008 order as to filing its objections, and any objection it may have asserted is not of record.

(Doc. 381-2 at p. 2/3).

As discussed in the October 8 order, Mr. Welch had already compiled a collection of responsive documents. By letter dated October 16, 2008 (Doc. 384-3), he advised GPI's attorneys that he would appear for deposition on October 30; however, counsel for Mr. Albrecht and ERAN's representative, James Bachman, both told Mr. Welch that Albracht and Bachman are claiming attorney-client privilege. The materials Mr. Welch has collected were created during a time when he could be considered to be acting as attorney for both Albracht and Bachman.

Paragraph 1.b of this court's November 29, 2007 order (Doc. 269) compelling ERAN to provide discovery to GPI specifically provides:

> If ERAN intends to assert any claims of privilege or work product immunity, ERAN shall prepare and serve a privilege log in full compliance with paragraph 5 of the initial progression order (Doc. 31). The privilege log shall be served on opposing counsel no later than **December 24, 2007**; otherwise, ERAN's claims of privilege or work-product immunity will be deemed waived as to any item not timely designated and described on its privilege log.

As to the disputed discovery, any attorney-client relationship between Welch and Bachman was in Bachman's capacity as a representative of ERAN. ERAN has never identified any documents evidencing communications with Mr. Welch on its privilege log, although Mr. Bachman could not have been unaware of Mr. Welch's role in prosecuting the patent in suit.

The court finds that ERAN and Mr. Bachman have waived any claims of privilege or work-product immunity as to any communications or materials in the possession of Mr. Welch that are responsive to GPI's subpoena.

Turning to the privilege reportedly asserted by Mr. Albracht, section 75 of the Restatement (Third) of the Law Governing Lawyers provides:

> **§ 75. The Privilege Of Co-Clients**
>
> (1) If two or more persons are jointly represented by the same lawyer in a matter, a communication of either co-client that otherwise qualifies as privileged under §§ 68-72 and relates to matters of common interest is privileged as against third persons, and **any co-client may invoke the privilege, unless it has been waived by the client who made the communication**.
>
> (2) Unless the co-clients have agreed otherwise, a communication described in Subsection (1) is not privileged as between the co-clients in a subsequent adverse proceeding between them.

(Emphasis added).  ERAN has waived any privilege it may have had in communications it or Mr. Bachman had with Mr. Welch.  Those communications are no longer privileged as against "third persons" and must be produced pursuant to GPI's subpoena.

Mr. Albracht is not a party to this lawsuit.  He may invoke the attorney-client privilege, as against third persons, with respect to any communication with Mr. Welch where the privilege was not already waived by ERAN and/or Bachman.  In the alternative, Albracht may choose to waive any claim of privilege as to the Welch documents.

It appears to the court that Mr. Welch is the person best able to determine the communications to which Mr. Albracht retains a claim of privilege, or whether responsive documents can be redacted to protect Mr. Albracht's claims of privilege.

Considering these factors,

**IT IS ORDERED** that the motion (Doc. 382) is granted, in part, as follows:

1. ERAN Industries, Inc. has waived any privilege it may have had in communications it or Mr. Bachman had with James D. Welch.

2. James D. Welch shall appear for deposition on October 30, 2008 with the documents he has compiled in response to GPI's subpoena.  ERAN is prohibited from asserting any privilege for documents, things or communications between ERAN (through Mr. Bachman) and Mr. Welch.

3. Any information obtained pursuant to the Welch subpoena shall be kept confidential and may be used for purposes of this litigation only.

**DATED October 28, 2008.**

              **BY THE COURT:**

              s/ F.A. Gossett
              **United States Magistrate Judge**