IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GP INDUSTRIES, LLC, a Nebraska Limited Liability Corporation, | ) ) ) | CASE NO. 8:06CV50 |
| Plaintiff, | ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| ERAN INDUSTRIES, INC., a Nebraska Corporation, and JAMES E. BACHMAN, an Individual, | ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on Eran Industries' ("Eran") Motion for Partial Summary Judgment ("Motion") (Filing No. 314) and GP Industries' ("GPI") Rule 56(f) Motion ("56(f) Motion") (Filing No. 373). For the reasons stated below, Eran's Motion is denied and GPI's 56(f) Motion is granted.

## STANDARD OF REVIEW

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Cordry v. Vanderbilt Mortg. & Fin., Inc.*, 445 F.3d 1106, 1109 (8th Cir. 2006) (quoting *Bockelman v. MCI Worldcom, Inc.*, 403 F.3d 528, 531 (8th Cir. 2005)). The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The proponent need not, however, negate all of the opponent's claims or defenses. *Id.* at 324–25.

To defeat a motion for summary judgment, the nonmoving party's only burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). To meet this burden, the nonmoving party may not "'rest on mere allegations or denials' but [instead] must demonstrate on the record the existence of specific facts which create a genuine issue for trial." *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th 1995)(internal quotations omitted). A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.

If the nonmoving party, however, cannot show the existence of a genuine issue for trial because the nonmoving party has not had an adequate opportunity to obtain necessary evidence through discovery, the party has the option of responding with a Rule 56(f) Motion.[1] *Duffy v. Wolle*, 123 F.3d 1026, 1040 (8th Cir. 1997)("The party who is faced with a summary judgment motion before he has conducted discovery may, under Rule 56(f) request the court to postpone ruling on the motion until he conducts some discovery."). A motion under Rule 56(f), therefore, "allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).

---

[1] Fed. R. Civ. Pro. 56(f) states: "If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order."

A motion under Rule 56(f), however, "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Duffy*, 123 F.3d at 1040; *Gardner v. Howard*, 109 F.3d 427, 431 (8th 1997)("Rule 56(f) does not condone a fishing expedition."). Instead, the Eighth Circuit has outlined the obligations and burdens of a party opposing a Summary Judgment Motion under Rule 56(f); in *Willmar Poultry Co. v. Morton-Norwich Products, Inc.*, the Court held that the nonmoving party:

> seeking the shelter of Rule 56(f) must do so in good faith, however, and must conclusively justify his inability to respond adequately or not at all to the movant's affidavits: The opposing party should present his affidavit showing that the knowledge or control of the facts is exclusively or largely with the moving party and describe his attempts to obtain those facts. The mere averment of exclusive knowledge or control of the facts by the moving party is not adequate; the opposing party must show to the best of his ability what facts are within the movant's exclusive knowledge or control; what steps have been taken to obtain the desired information pursuant to the discovery procedures under the Rules; and that he is desirous of taking advantage of these discovery procedures. (6 J. Moore, Federal Practice P 56.24 at 2876 (2d ed. 1974).

520 F.2d 289, 294 (8th Cir. 1975).

"Thus, an affidavit properly submitted under Rule 56(f) has the effect of either postponing entry of summary judgment or precluding it altogether." *Willmar Poultry Co. v. Morton-Norwich Products, Inc.*, 520 F.2d 289, 294 (8th Cir. 975); *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 195 (4th Cir. 2006)(quotations omitted)("Rule 56(f) requires that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.")

**FACTS**

At issue in this case is United States Patent No. 5,557,891(the '891 Patent) for a "Gutter Protection System" invented by Gregory P. Albracht.  Albracht filed his patent application on March 31, 1995.  The '891 Patent was issued to Albracht on September 24, 1996.  Albracht then sold the patent to Eran in 1998.  Eran currently manufactures and sells a rain gutter product, Leafproof®, under the '891 Patent pursuant to its purchase agreement with Albracht.

GPI was formed in June 2005 after its principals (Dave Herdrich, Brian Beck, Randy Bailey and Lance Bailey) were terminated as employees of Eran.  GPI markets competing rain gutter products known as Leaf-X and Leafree.  On January 31, 2006, Eran sent letters to its network of dealers and wholesale contractors, who were also customers or potential customers of GPI, informing them that GPI planned to manufacture and sell a gutter cover that infringed Eran's patent.

On February 7, 2006, GPI filed its complaint (Case No. 8:06CV50) for a declaratory judgment of noninfringement, invalidity and unenforceability of Eran's patent, and also asserted claims based on tortious interference with business relationships, and violations of the Nebraska Deceptive Trade Practices Act. On February 8, 2006, Eran filed a separate action (Case No. 8:06CV51) stating claims for patent infringement and misappropriation of a trade secret. The actions were consolidated for discovery and trial, with all papers to be filed in the lead case, No. 8:06CV50.  Both parties amended their pleadings to add claims and parties, with Eran adding a RICO claim and naming distributors, dealers and contractors as defendants.

On July 28, 2006, GPI served 213 requests for production of documents on Eran; however, discovery was stayed on August 29, 2006, pending resolution of GPI's motion for preliminary injunction and jurisdictional issues raised by the third-party defendants. Thus, Eran did not respond to the requests at that time. The stay of discovery was lifted on July 31, 2007. Eran served its initial responses to the document requests in September of 2007. This Court, however, declared Eran's responses to be insufficient and, following Eran's submission in September of 2007, the Court has ordered Eran to comply with and produce discovery on three separate occasions. *See* Magistrate Judge Gossett's Orders of November 29, 2007 (Filing 269), and April 10, 2008 (Filing No. 296), and Judge Smith Camp's September 16, 2008, Order (Filing No. 358).

On November 29, 2007, Magistrate Judge Gossett ordered Eran to produce documents in response to GPI's discovery requests (Filing No. 269). Notably, Magistrate Judge Gossett concluded "that Eran's responses to GPI's requests for production of documents are insufficient." (Order at 3, Filing No. 269). Magistrate Judge Gossett ordered Eran "to produce for inspection and copying all documents responsive to GPI's requests for production of documents." *Id.*

Despite Magistrate Judge Gossett's November 29th order, document production did not go smoothly. GPI filed another motion to compel after Eran produced approximately 3,000 unstapled pages of documents "in a jumbled fashion" and refused to identify which documents were responsive to which document requests. On April 10, 2008, Magistrate Judge Gossett again found that, "Eran did not comply with the November 29, 2007 order commanding it to produce all responsive documents either (a) as they are kept in the usual

course of business or (b) organized and labeled to correspond with the categories in GPI's requests." At that time,

> the court acknowledge[d] that GPI did serve ERAN with 213 requests for production of documents on July 28, 2006; however, ERAN did not timely raise any valid objections to the requests. Rather, as discussed in the November 29, 2007 order, ERAN asserted only general objections (which are not allowed in this district) and unsubstantiated boilerplate objections based on relevance, ambiguity, undue burden, privilege, work-product immunity, and confidentiality– and then agreed to produce responsive documents. . . The court finds that . . . ERAN's nondisclosure, responses or objections were not substantially justified.

(Order at 6, Filing No. 296).

On September 16, 2008, Judge Smith Camp again ordered Eran to comply with GPI's discovery requests, concluding that Eran "has not persuaded the court that it conducted a reasonable investigation to locate responsive documents . . . [and] the court sees little merit in most of ERAN's positions in these discovery disputes" (Order at 20, Filing No. 358).

In the midst of this delayed and difficult discovery process, Eran filed its Motion for Partial Summary Judgment on July 23, 2008 (Filing No. 314). Eran moved for partial summary judgment on its claim for patent infringement, as well as its claims and counterclaims for declaratory judgment of patent noninfringement, declaratory judgment with business relationship, tortious interference with business expectancy, Nebraska Deceptive Trade Practices Act, tortious interference with economic relations, injurious falsehoods from commercial disparagements, and false advertising and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

On August 15, 2008, GPI responded with a Rule 56(f) Motion (Filing No. 327), asking the Court to deny Eran's Motion, or in the alternative, extend GPI's deadline for filing

a response to allow GPI an opportunity to obtain the discovery necessary to contest the material issues raised by Eran in its Motion. On September 11, 2008, this Court denied GPI's initial Rule 56(f) Motion (Filing No. 356), declaring GPI's first Rule 56(f) Motion legally insufficient as it did not contain any supporting affidavits.

On October 3, 2008, GPI once again filed a Rule 56(f) Motion (Filing No. 373), this time with an affidavit in support (*See* Filing No. 375). In its current 56(f) Motion, GPI contends that Eran has "improperly withheld or spoliated key documents GPI requested in its first set of discovery requests and which GPI requires to fully justify its opposition to Eran's Motion." (56(f) Motion Brief at 2, Filing No. 374). Specifically, GPI contends that Eran has either destroyed or continuously refused to produce a "Competing Products Binder" which GPI asserts is essential to "GPI's defenses of invalidity, unenforceability, non-infringement and . . . Eran's claims for infringement." (GPI 56(f) Motion Brief at 4, Filing No. 374). GPI also argues that ERAN "stonewalled" many of its attempts to depose key witnesses by asserting a joint defense or community interest privilege. *Id.* at 5. For instance, GPI claims it needs the opportunity to depose "James Welch regarding the validity and unenforceability of the '891 Patent," but has not been able to because of Eran's bad faith claims of privilege. *Id.* at 6. Finally, GPI also requests that this Court extend its expert discovery period until January 9, 2009.

Eran has offered no argument or explanation in response to GPI's current 56(f) Motion or GPI's allegations that Eran has acted in bad faith by purposefully destroying evidence and asserting disingenuous claims of privilege.

## DISCUSSION

The Court has reviewed the record and has concluded that GPI's 56(f) Motion should be granted because GPI "has not had the opportunity to discover information that is essential to [its] opposition." *Yelton*, 439 F.3d at 195.  Further, a review of the record demonstrates that a denial of Eran's Motion is proper since the "knowledge or control of the facts [has been] exclusively or largely with the moving party [Eran,]" and Eran has repeatedly defied GPI's attempts, and this Court's orders, to facilitate discovery of documents relating to these disputed facts. *Willmar Poultry Co.*, 520 F.2d at 294.

Eran has been ordered on three occasions to provide discovery to GPI, and has failed to persuade the court that it conducted a reasonable investigation to locate responsive documents. The only evidence Eran has presented as to the scope of its investigation is Mr. Bachman's declaration that document production was, at some undisclosed time, delegated to his secretary, who could not find or identify documents responsive to nearly one-third of GPI's requests. It also appears likely that Eran is either in possession of the requested Competing Product Information Binder (or the equivalent thereof) described by Herdrich, Beck and Hesse, or in the alternative, has destroyed it.  On September 16, 2008, this Court ordered ERAN to file an affidavit "explaining exactly what happened to the original Competing Product Information Binder (or its equivalent) and why it cannot be produced." (Order at 21, Filing No. 358).  On September 23, 2008, Eran filed seven affidavits, all of which averred that the individual making the statements under oath had no knowledge as to the whereabouts of the disputed binder (Filing Nos. 361-367). Thus to date, Eran has offered no explanation as to what happened to the binder that was once in its possession.  It appears from the record, therefore, that GPI has been unable to

complete pertinent depositions and discovery largely due to Eran's sluggish and grudging document production and its faulty assertion of a "joint defense" or "common interest" privilege on many relevant areas of inquiry.[2]

Thus the Court's dismissal of Eran's Motion is proper, as GPI has satisfied all of the requisite obligations in filing a proper Rule 56(f) Motion. *See Willmar Poultry Co.*, 520 F.2d at 294. GPI has adequately demonstrated that the documents it is attempting to obtain have been exclusively in the possession of the moving party, and further, that the moving party has gone to great lengths to circumvent the discovery process that would require full disclosure of these documents. The record is replete with the numerous attempts GPI has made to compel ERAN to produce responsive documents. There is no question that GPI "is desirous of taking advantage of these discovery procedures." *Id.*

The Court concludes that Eran has not put forth a good faith effort to respond to GPI's relevant discovery requests. Through no fault of its own, GPI cannot respond to Eran's Motion at this time because Eran has refused to proffer the evidence GPI needs to respond to the issues Eran raised for judgment. While "an affidavit properly submitted under Rule 56(f) has the effect of either postponing entry of summary judgment or precluding it altogether," the Court concludes that the circumstances surrounding Eran's

---

[2] While Eran has claimed a "joint defense" or "common interest" privilege in regards to witnesses GPI claims are necessary to depose, Magistrate Judge Gossett concluded that "ERAN Industries, Inc. has waived any privilege it may have had in communications it or Mr. Bachman had with James D. Welch. . . ERAN is prohibited from asserting any privilege for documents, things or communications between ERAN (through Mr. Bachman) and Mr. Welch." (Order at 4, Filing No. 389). Thus the Court has concluded that Eran has previously waived the privileges that Eran now claims prohibit it from providing key witnesses for depositions. The inference to be drawn here is that Eran's claims of privilege have not constituted good faith claims, but rather, have been attempts to inhibit GPI's discovery of relevant material facts.

continuous failure to cooperate and comply with routine discovery procedures warrants a denial of its Motion on the merits. *Id.*

## CONCLUSION

The Court grants GPI's Rule 56(f) Motion and denies Eran's Motion for Partial Summary Judgment. The parties are ordered to complete discovery in accordance with all previously issued discovery related orders with one exception: the Court grants GPI's request to extend its expert discovery period until January 9, 2009.

ACCORDINGLY,

IT IS ORDERED:

1. Eran's Motion for Partial Summary Judgment is denied (Filing No. 314);

2. GPI's Rule 56(f) Motion is granted (Filing No. 373); and

3. GPI's request for an extension is granted, and GPI has until January 9, 2009, to complete expert discovery.

DATED this 12th day of November, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge